IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 25 2011

JAMES W. McCORMACK CLERK
By:_____
DEP CLERK

**LACEY TAYLOR,**
**Individually and on behalf of**
**Others Similarly Situated**

**PLAINTIFF**

vs.                            No. 4:11-cv-_0269_ DPM

**DRUGSTORE COWBOYS, INC.,**
**individually and**
**d/b/a GENTLEMEN'S CLUB 70, and**
**CONVENTION ENTERTAINMENT, INC.**
**Individually and d/b/a**
**GENTLEMEN'S CLUB 70**

This case assigned to District Judge _Marshall_
and to Magistrate Judge_____Deere_____

**DEFENDANTS**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Lacey Taylor, individually and on behalf of others
similarly situated, by and through her attorney Josh Sanford of the Sanford Law
Firm, PLLC, and for her Original Complaint against Defendants Drugstore
Cowboys, Inc., individually and d/b/a Gentlemen's Club 70; and Convention
Entertainment, Inc., individually and d/b/a Gentlemen's Club 70 (hereinafter
referred to collectively as "Defendant" or sometimes "Defendants"), and in
support thereof states and alleges as follows:

**I.**

## **INTRODUCTION**

1.     This is a collective action brought by Plaintiff Lacey Taylor, on her own behalf and on behalf of others similarly situated, defined more specifically below, against Defendants.

2.     The class is composed of female employees who, during the relevant time period, worked as exotic dancers for Defendants and were denied their fundamental rights under applicable federal and state laws.

3.     Specifically, Plaintiff complains that Defendants intentionally misclassified Plaintiff and those similarly situated as "independent contractors," as opposed to employees, at all times in which they worked as dancers at the nightclub operated by Defendants.  As a result, Defendants failed to pay Plaintiff and all other members of the proposed class the minimum wages (and overtime wages) to which they were entitled.

4.     In addition, Defendants required Plaintiff to pay to Defendants and other employees of Defendants' a fee from tips they received in violation of 29 U.S.C. § 203 (m).

5.     Plaintiff brings this action for declaratory judgment, damages, back-pay, restitution, liquidated damages, civil penalties, prejudgment interest, and any other relief that the Court deems just and reasonable under the circumstances.

II.

## JURISDICTION AND VENUE

6.     Plaintiff and those similarly situated seek a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

7.     This Complaint also alleges causes of action under the common laws of the State of Arkansas, which arise out of the same set of operative facts as the federal causes of action and which would be expected to be tried in a single judicial proceeding with the federal claims. Accordingly, this Court has pendent jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

8.     The acts complained of herein were committed and had their principal effect within the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

III.

## PARTIES

9.     Plaintiff Lacey Taylor (hereinafter "Taylor") is a citizen of the United States and a resident of and domiciled in Pulaski County, Arkansas. Plaintiff worked at Defendants' place of business located at 6615 Highway 70, North Little Rock, Arkansas, from August 2010 through the present.

10.     She is still in the employ of Defendants as of the filing of this complaint.

11. At all times relevant to this Complaint, Taylor was improperly classified by Defendants as an independent contractor, but in reality was an employee of Defendants subject to the protections and requirements of the Fair Labor Standards Act.

12. Plaintiff brings this action on her own behalf and on behalf of all other individuals who worked at Defendants' place of business at 6615 Highway 70, North Little Rock, Arkansas, past (within the three years immediately preceding the filing of this case), present or future, who were, are or will be classified as independent contractors but in reality are, were or will be employees of Defendants subject to the requirements of the FLSA.

13. At all relevant times each Defendant has been Plaintiff's employer and the employer of the proposed class as defined by the FLSA. As such, each Defendant violated the laws set forth below and is jointly and severally liable to Plaintiff and to the proposed class.

14. Defendant Drugstore Cowboys, Inc., D/B/A Gentlemen's Club 70, is a domestic nonprofit corporation and was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d) for all relevant time periods. For all similarly situated employee Plaintiffs, Drugstore is currently or was their employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). The registered agent for Drugstore Cowboys, Inc., is Craig Snyder, 510 Water Street, North Little Rock, Arkansas, 72117.

15. Defendant Convention Entertainment, Inc., D/B/A Gentlemen's Club 70, is a domestic business corporation and was Plaintiff's employer within

the meaning of the FLSA, 29 U.S.C. § 203(d) for all relevant time periods. For all similarly situated employee Plaintiffs, Convention is currently or was their employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). The registered agent for Convention Entertainment, Inc., is Craig Snyder, 6615 E. Highway 70, North Little Rock, Arkansas 72117.

16. At all relevant times, Defendants have owned and operated a night club business engaged in interstate commerce and which utilized goods which moved in interstate commerce. On information and belief, during the relevant time period the annual gross revenues of Defendants exceeded $500,000.00 per annum.

17. Defendants were at all relevant times engaged in commerce as defined in 29 U.S.C. § 203(r) and § 203(s). Defendants constitute an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because it performed related activities through common control for a common business purpose. At relevant times the enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and § 207(a).

18. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. (hereafter referred to as "FLSA").

19. No exceptions to the application of the FLSA apply to Plaintiff or to the proposed class. For example, Plaintiff and the class have never been professionals or artists exempt from the provisions of the FLSA. The exotic

dancing performed by Plaintiff and the proposed class does not require invention, imagination or talent in a recognized field of artistic endeavor, and they are not compensated on a set salary, wage or fee basis, but rather by tips given to them by patrons.

IV.

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

20.     Defendants are and/or operate a private club that provides entertainment to its patrons in the form of music, alcoholic beverages, and live dancers.

21.     Plaintiff and others similarly situated dance in the club without very many clothes on.

22.     Taylor was employed by Defendant as a dancer in August of 2010 and she is still so employed, and she has always been classified as an independent contractor. During this time period, Defendant did not pay Taylor any wages or other compensation. Taylor typically worked eight-hour shifts, three days a week.

23.     During the relevant time period, Defendant intentionally misclassified all women who worked as dancers, including Plaintiff, as independent contractors as opposed to employees. As a result of this intentional misclassification, Plaintiff and the members of the proposed class were not paid the minimum wages required under the FLSA.

24.     During the relevant time period, no class member received any wages or other compensation from Defendants. Members of the class generated

their income solely through the tips received from customers when they performed dances.

25. Plaintiff and the members of the proposed class are tipped employees under the FLSA as they are engaged in occupation in which they customarily and regularly receive more than $30.00 each month in tips. Throughout the relevant time period Plaintiff and each class member have averaged more than $7.25 per hour in tips. Nevertheless, as employees of Defendants, Plaintiff and the proposed class members remain entitled to: (i) receive minimum wages under the FLSA, and (ii) retain all tips given to them by customers when they performed dances.

26. Defendants' misclassification of Plaintiff and other proposed class members as independent contractors was designed to deny class members their fundamental rights as employees to receive minimum wages, to retain all tips given to them by customers and was done to enhance Defendants' profits.

27. Defendants' intentional misclassification of class members was willful. Defendants knew, or should have known, that Plaintiff and the proposed class were improperly classified as independent contractors. For instance, in Harrell v. Diamond A Entertainment, Inc., 992 F.Supp. 1343, 1347-48 (M.D. Fla. 1997) the United States District Court for the Middle District of Florida confirmed:

> Arrangements factually similar to the one in this case have been tested by federal courts in Texas, Indiana and Colorado. See Reich v. Circle C. Investments, Inc., 998 F.2d 324 (5th Cir. 1993) (whether dancer was "employee" under FLSA); Reich v. ABC/York-Estes Corp., 1997 WL 264379 (N.D.Ill. 1997) (whether dance fees were "tips" under FLSA); Reich v. Priba Corp., 890 F.Supp. 586 (N.D.Tex. 1995) (whether dancer was "employee" under FLSA);

Reich v. ABC/York-Estes Corp., 157 F.R.D. 668 (N.D.Ill. 1994) (whether dance fees were "tips" under FLSA), rev'd on other grounds, 64 F.3d 316 (7th Cir. 1995); Martin v. Priba Corp., 1992 WL 486911 (N.D.Tex.) (whether dancer was "employee" under FLSA); Martin v. Circle C. Investments, Inc., 1991 WL 338239 (W.D. Tex); Donovan v. Tavern Talent & Placements, Inc., 1986 WL 32746 (D.Colo.) (whether "tips" could be used to offset completely the minimum wage requirement). *Without exception, these courts have found an employment relationship and required the nightclub to pay its dancers a minimum wage.*

(Emphasis added).

28.     The touchstone for determining whether an individual is an "employee" under the FLSA is the "economic reality" test.   Under the test, employee status turns on whether the individual is, as a matter of economic reality, in business for herself.   Here, as a matter of economic reality, Plaintiff, and other members of the proposed class, were not in business for themselves and truly independent, but rather were "economically dependent" on Defendant.

29.     Courts utilize six factors to determine economic dependence. They are (i) the degree of control exercised by the alleged employer, (ii) the relative investments of the alleged employer and employee, (iii) the degree to which the employee's opportunity for profit and loss is determined by the employer, (iv) the skill and initiative required in performing the job, (v) the permanency of the relationship, and (vi) the degree to which the alleged employee's tasks are integral to the employer's business.

30.     The totality of the circumstances surrounding the employment relationship between Defendants and Plaintiff establishes economic dependence by Plaintiff on Defendants.

31. Plaintiffs are not in business for themselves, but are dependent upon finding employment with others, namely Defendants.

## A. Degree of Control – Plaintiff and the Proposed Class Exercise No Control Over Their "Own" Or Their Employers' Business.

32. Plaintiff and the other members of the proposed class do not exert meaningful control over Defendants' business and do not stand as separate economic entities from Defendants.

33. Defendants exercise control over all aspects of the working relationship with Plaintiff and other proposed class members.

34. The economic status of Plaintiff and the other members of the proposed class is inextricably linked to those conditions over which Defendants have complete control. They are completely dependent on the club for their earnings.

35. Defendants control all of the advertising and promotion without which the dancers could not survive economically.

36. Plaintiff and other member of the proposed class are restricted from working at other exotic dance clubs while in a working arrangement with Defendants.

37. Defendants set the hours of operation, the show times during which a dancer may perform, conduct while at work (i.e., dancers are only permitted to take breaks at times authorized by Defendant), and all other terms and conditions of employment.

38.     Dancers are required to account to Defendants for all dances they perform in the club.  Defendants require that the dancers pay a fee from their tips to the disc jockey, bouncer, and to Defendants as "house fees."

39.     In addition, dancers are required to pay a separate portion of their tips to Defendants each time they perform private dances.  Private dances are available to club patrons at an additional minimum cost set by Defendants.

40.     Defendants alone establishes the fee split which each dancer is required to pay it and the disc jockey for each type of dance for which they receive tips during the work shift (i.e., how much per private dance, and how much of the tips received for other types of dances such as stage dances.)

41.     Defendants increased the "house fees" the dancers must pay to Defendant if they are late for their scheduled shift.

42.     Ultimately, Defendants set the terms and conditions of Plaintiff's and all proposed class members' work.  This is the hallmark of economic dependence.

**B. Skill and Initiative Required in Performing the Job.**

43.     Plaintiff and the other members of the proposed class do not exercise the skill and initiative of a person in business for themselves.

44.     Plaintiff and the other members of the proposed class are not required to have any specialized or unusual skills to work at Defendants' private club.  Prior dance experience is not required.  They are not required to attain a certain level of skill in order to work at the private club.  There are no dance

seminars, no specialized training, no instruction booklets, and no choreography provided or required in order to work at the private club.

45.     The dance skills utilized are commensurate with those exercised by ordinary people who choose to dance at a disco or at a wedding.

46.     Plaintiff and the other members of the proposed class do not have the opportunity to exercise the business skills and initiative necessary to elevate their status to that of independent contractors.

47.     Plaintiff owns no enterprise.

48.     She exercises no business management skills.

49.     She maintains no separate business structures or facilities.

50.     She does not exercise control over customer volume or the atmosphere at the private club.

51.     Plaintiff does not actively participate in any effort to increase the club's client base, enhance goodwill, or establish contracting possibilities.

52.     The scope of Plaintiff's initiative is restricted to decisions involving what clothes to wear (within Defendants' guidelines) or how provocatively to dance which is consistent with the status of an employee, not an independent contractor.

53.     Plaintiff and other members of the proposed class are not permitted to hire or subcontract other qualified individuals to provide additional dances to patrons, which they would be able to do if they were independent contractors and in business for themselves.

### C. Relative Investment.

54.    Plaintiff and the other members of the proposed class have made miniscule investments into their employment, particularly when compared to the investment made by Defendants.

55.    Plaintiff and other members of the proposed class make no capital investment in the facilities, advertising, maintenance, sound system and lights, food, beverage and other inventory, or staffing of the club.

56.    Plaintiff and the proposed class members' investment is limited to expenditures on costumes and make-up which they may choose to wear while working, and their own labor.    But for Defendants' provision of the club the dancers work in, Plaintiff and the proposed class members would earn nothing.

### D. Opportunity for Profit and Loss.

57.    Defendants, not Plaintiff and other members of the proposed class, manage all aspects of the business operation.    Defendants establish the hours of operation, set the atmosphere, coordinate advertising, hire and control the staff (managers, waitresses, bartenders, bouncers/doormen, etc.).    Defendants, not Plaintiff and other members of the proposed class, take the true business risks for the club.

58.    Plaintiff and other members of the proposed class do not control the key determinants of profit and loss of a successful enterprise.    Specifically, Plaintiff and the class are not responsible for any aspect of the enterprise's on-going business risk.    For example, Defendants not Plaintiff or the class, are responsible for all financing, the acquisition and/or lease of the physical facilities

and equipment, inventory, the payment of wages (for managers, bartenders, doormen, and waitresses), and obtaining all appropriate business insurance and licenses.

59.    Defendants alone establish the minimum tip amounts that should be collected from patrons for private dances.

### E. Permanency of the Relationship.

60.    Defendants do not permit Plaintiff and other members of the proposed class to dance professionally at any other venue while employed by Defendants.

61.    Plaintiff and proposed class members have a long-term relationship with Defendants and dance at their location multiple times.

### F. Integral Part of the Employer's Business.

62.    Plaintiff and the other members of the proposed class are dancers that are essential to the success of Defendants' business.  In fact, the primary reason the private club exists is to showcase the dancers' physical attributes for customers.

63.    Defendants also serve alcoholic beverages at the club.  Defendants are able to charge a much higher price for their drinks than establishments without exotic dancers because the dancers are the main attraction of the club. As a result, Plaintiff and the other proposed class members are an integral part of Defendants' business.

64.    The foregoing demonstrates that Plaintiff and the proposed class members are economically dependent on Defendants.

65.     Plaintiff and the proposed class members were misclassified as independent contractors and should have been paid minimum wages through the relevant time period and otherwise afforded the rights of employees.

## V.

## DEFENDANTS' INTENT

66.     All actions by Defendants were willful and not the result of mistake or inadvertence.

67.     Defendants knew or should have known that the FLSA applied to their operation of the private club at all relevant times.  Defendants knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations where the misclassification of exotic dancers as independent contractors under the FLSA was challenged.

68.     Cases in support of the position taken by Plaintiff in this lawsuit are legion.

69.     In those prior cases, exotic dancers working under conditions similar to those employed by Defendants were determined to be employees under the FLSA, not independent contractors.

70.     Despite being on notice of their violations, Defendants chose to continue to misclassify Plaintiff and other members of the proposed class and withhold minimum wages to them in effort to enhance their profits.

## VI.

## INJURY AND DAMAGE

71.    Plaintiff and all other members of the proposed class have suffered injury, incurred damages and financial loss as a result of Defendants' conduct complained of herein.

## VII.

## COLLECTIVE ACTION ALLEGATIONS

72.    Plaintiff brings her claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as similarly situated dancers improperly classified as independent contractors at any time within the applicable statute of limitations period, who are entitled to payment of minimum wage and applicable overtime premiums for all hours worked for Defendants.

73.    The relevant time period dates back three years from the date in which this Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

74.    Plaintiff is unable to state the exact number of the class but believe that the class exceeds 50 persons but is less than 200 persons.

75.    Defendants can readily identify the members of the class.    The names and addresses of the FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the FLSA collective action plaintiffs via first class mail to their last known address as soon as possible.

76.     The email addresses of many of the FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the FLSA collective action plaintiffs via email to their last known email address as soon as possible.

77.     The claimed damages exceed $100,000.00.

78.     Plaintiff asserts that other current and former dancers are similarly situated in that they are and/or were subject to Defendants' same policy and practice of misclassifying dancers as independent contractors, as opposed to employees, and were not paid the minimum wage required under the FSLA.

79.     The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

> a.     Defendants' failure to compensate members of the class at the minimum wage rate required by the FLSA, 29 U.S.C. § 203(m);
>
> b.     Defendants' failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq.*;
>
> c.     Defendants required members of the class to pay Defendants and other employees of Defendants a flat fee from the tips they received in violation of 29 U.S.C. § 203 (m).

VIII.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FLSA

#### (Failure to Pay Statutory Minimum Wages)

80.     Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

81.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

82.     At all relevant times Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

83.     At all relevant times Defendants have employed and/or continue to employ "employee[s]," including Plaintiff and each of the prospective FLSA Collective Action Plaintiffs, who have been and/or continue to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have had annual gross operating revenues in excess of $500,000.00.

84.     29 U.S.C. § 206 requires that Defendants pay all employees minimum wages for all hours worked. 29 U.S.C. § 206(a) provides in pertinent part:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) Except as otherwise provided in this section, not less than--

   (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;

   (B) $6.55 an hour, beginning 12 months after that 60th day; and

   (C) $7.25 an hour, beginning 24 months after that 60th day.

85.     29 U.S.C. §207(a) provides in pertinent part:

...no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged n commerce or in the production of goods for commerce for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he is employed.

86.     Defendants failed to pay class members the minimum wages set

forth in 29 U.S.C. §§ 206 and 207, or any wages whatsoever.

87.     In fact, Defendants required that Plaintiff and other similarly

situated actually pay them in order to work.

88.     Defendants failed to pay Plaintiff and all other members of the

proposed class minimum wages throughout the relevant time period because

they misclassified them as independent contractors.

89.     The amounts paid to Plaintiff and the proposed class members by

customers in relations to dances performed were tips not wages and cannot be

used to offset Defendants' obligation to pay class members minimum wages.

90.     The FLSA permits an employer to allocate an employee's tips to

satisfy a portion of the statutory minimum wage requirement provided that the

following two conditions are satisfied: (1) the employer must inform the tipped

employees of the provisions of 29 U.S.C. § 203(m); and (2) tipped employees must retain *all the tips* received except tips included in a tipping pool among employees who customarily receive tips.  29 U.S.C. § 203(m).

91.   Neither of these conditions were satisfied by Defendants in this case.

92.   Defendants did not inform Plaintiff or other members of the proposed class of the provisions of 29 U.S.C. § 203(m).

93.   Plaintiff and other class members did not retain all the tips received except those tips included in a tipping pool among employees who customarily receive tips.

94.   Defendants never notified Plaintiff and other class members that their tips were being used to reduce the minimum wages otherwise due under FLSA's tip-credit provisions and that thy were still due the reduced minimum wage for tipped employees.  Rather, Defendants have always maintained that Plaintiff and members of the proposed class were never due any minimum wages due to their intentional misclassification as independent contractors; and in turn, Defendants paid them no wages.

95.   Further, Defendants' requirement that Plaintiff and other class members split their tips and pay Defendants and other employees of Defendants a percentage of all tips paid in relation to dances they performed was not part of a valid tip pooling or sharing arrangement.  The amounts Plaintiff and other members of the class paid Defendants and other employees of Defendants were not shared with co-employees who customarily receive tips.  Rather, the amounts

collected from Plaintiff and other class members were retained by Defendants and/or paid to other employees of Defendants who do not customarily receive tips.

96. Based on the foregoing, Plaintiff and all members of the proposed class are entitled to the full statutory minimum and overtime wages set forth in 29 U.S.C. §§ 206 and 207 for all periods in which they worked for Defendants.

97. Defendants' conduct in misclassifying Plaintiff and other class members as independent contractors was willful and done to avoid paying them minimum and overtime wages and the other benefits they were legally entitled to.

98. The FLSA provides that a private civil action may be brought for the payment of federal minimum and overtime wages and for an equal amount in liquidated damages in any court of competent jurisdiction by an employee on behalf of him/herself and other employees similarly situated pursuant to 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.")

99. Moreover, Plaintiff may recover attorneys' fees and costs incurred in enforcing their rights pursuant to 29 U.S.C. § 216(b).

100. Based on the foregoing, Plaintiff seeks on behalf of herself, and all members of the class, unpaid minimum wages at the required legal rate for all of their working hours during the relevant time period, reimbursement of any house

fees, liquidated damages prejudgment interest, attorneys' fees and costs and all other costs and penalties allowed by law.

### IX.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA

### (Unlawful Collection of Tips/Gratuities by Defendant)

101.   Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

102.   The amounts paid to Plaintiff and the other members of the proposed class by customers in relation to dances they performed were tips under the FLSA, not wages.

103.   Defendants required Plaintiff and other class members to share those tips with Defendants and other employees of Defendants.

104.   Under the FLSA tipped employees are entitled to retain all the tips received from patrons except those tips included in a tipping pool among employees who customarily receive tips.

105.   Defendants' requirement that Plaintiff and other members of the proposed class split their tips with Defendants and with other employees of Defendants' was not part of a valid tip pooling or sharing arrangement.

106.   The amounts Plaintiff and other class members paid to Defendants and other employees of Defendants' were not shared with co-employees who customarily receive tips.   Rather, the amounts were retained by Defendants

and/or distributed to other employees of Defendants who do not customarily receive tips.

107.   By reason of the foregoing Defendants violated the FLSA.

108.   As a direct result of Defendants' unlawful conduct, Plaintiff and all members of the proposed class have suffered injury, incurred damages and financial loss in an amount to be determined at trial.  In addition to other relief due, all tips which Plaintiff and other class members split with Defendants and other employees of Defendants should be refunded to the Plaintiff and the other members of the class along with prejudgment interest.

## X.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE FLSA

## (Failure to Maintain Records)

109.   Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein, except to the extent the foregoing allegations are inconsistent with those set forth in this count.

110.   29 U.S.C. § 211(c) provided in pertinent part:

(c)   Records

Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

111.   29 C.F.R. § 516.2 and 29 C.F.R. § 825.500 further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek.

112.   29 U.S.C. § 215(a)(5) provides in pertinent part:

...[I]t shall be unlawful for any person –

(5) to violate any provision of section 211(c) of this title...

113.   Defendants failed to maintain all records required by the aforementioned statutes and regulations, including those showing all hours Plaintiff and other members of the class worked during the relevant time period.

114.   As a result of the foregoing, Defendants have violated the FLSA.

115.   Defendants' conduct was willful and not the result of mistake or inadvertence.   It would be inequitable for Defendants to retain the benefits received as a result of its misconduct.

116.   As a direct result of Defendants' unlawful conduct, Plaintiff and all other members of the proposed class have suffered injury, incurred damages and financial loss.

117.   When the employer fails to keep accurate records of the hours worked by its employees, the rule in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-688, 66 S.Ct. 1187 (1946) is controlling.   That rule states:

...where the employer's records are inaccurate or inadequate...an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of

> that work as a matter of just and reasonable inference.  The burden
> then shifts to the employer to come forward with evidence of the
> precise amount of work performed or with evidence to negative the
> reasonableness of the inference to be drawn from the employee's
> evidence.  If the employer fails to produce such evidence, the court
> may then award damages to the employee, even though the result
> be only approximate.

118.   The Supreme Court set forth this test to avoid placing a premium
on an employer's failure to keep proper records in conformity with its statutory
duty, thereby allowing the employer to reap the benefits of the employees' labors
without proper compensation as required by the FLSA.  Where damages are
awarded pursuant to this test, "[t]he employer cannot be heard to complain that
the damages lack the exactness and precision of measurement that would be
possible had he kept records in accordance with...the Act." Id.

119.   Accordingly, Plaintiff, on her own behalf and the members of the
proposed class, seeks appropriate relief against Defendants including damages,
restitution, estoppel from asserting the lack of employment records as a defense,
penalties, liquidated damages, attorneys' fees and costs and all other relief just
and appropriate in the circumstances.

### XI.

### FOURTH CAUSE OF ACTION

### UNJUST ENRICHMENT/QUANTUM MERUIT

120.   Plaintiff hereby re-alleges and incorporates by reference the
preceding paragraphs as if they were set forth again herein.

121.   By unlawfully demanding and retaining Plaintiff's and members of
the proposed class' wages and gratuities, Defendants obtained a substantial

benefit and were unjustly enriched. Such conduct was detrimental to Plaintiff and the other members of the proposed class.

122. By unlawfully receiving value from Plaintiff and the proposed class members' labor without providing compensation therefore, Defendants obtained substantial benefits and were unjustly enriched at the expense of Plaintiff and the class.

123. Defendants' conduct was willful and not the result of mistake or inadvertence. It would be inequitable for Defendants to retain the benefits received.

124. As a direct result of Defendants' unlawful, unjust and inequitable conduct, Plaintiff and all members of the proposed class have suffered injury, incurred damages and financial loss in an amount to be determined at trial.

125. Accordingly, on behalf of herself and the members of the proposed class, Plaintiff seeks appropriate relief against Defendant including damages, restitution, a refund of all tips paid to Defendant and other employees of Defendant, prejudgment interest, attorneys' fees and costs and all other relief that the Court deems just and appropriate.

## XII.

## DEMAND FOR JURY TRIAL

126.  Plaintiff demands a trial by jury upon all issues herein.

## XIII.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lacey Taylor, on her own behalf and for others similarly situated, respectfully prays that each Defendant be summoned to appear and answer herein; for orders regarding certification of and notice to the proposed class; for an order of this Honorable Court entering judgment in Plaintiff's favor against Defendants and that the Court award Plaintiff and others similarly situated their actual economic damages in an amount to be determined at trial, but in any event an amount not less than that which would compensate them for unpaid back wages, in addition to wages equal to the amount they were required to give Defendants and other employees as "DJ fees" and "house fees", overtime wages that have not been paid, for accrued interest, for their liquidated damages for Defendants' willful violation of the FLSA, for their attorneys' fees, costs, post-judgment interest, such other relief as provided by law and for such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**LACEY TAYLOR,**
**Individually and on behalf of**
**Others Similarly Situated,**
**PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S SHACKLEFORD STE 400
LITTLE ROCK, AR 72211
PHONE: (501) 221-0088
FACSIMILE: (866) 591-4661

BY: _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com